# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**VERNON ROBINSON,**

    **Plaintiff,**

**vs.**                                         **Case No. 4:05cv282-MP/WCS**

**FLORIDA PAROLE**
**COMMISSION, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    This case was recently reassigned to the undersigned. Doc. 6. Plaintiff, an inmate proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983, had previously submitted a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff was previously granted *in forma pauperis* status and was not required to pay an initial partial filing fee. Doc. 5. The complaint is ready for review as is required by 28 U.S.C. § 1915A.

    Plaintiff alleges that in 1982 he was sentenced to sixty years incarceration. Doc. 1. Plaintiff was incarcerated on multiple offenses and the Florida Parole Commission utilized the objective parole guidelines to establish Plaintiff's eligibility for parole and,

eventually, Plaintiff's release on parole. *Id.* In 1996, Plaintiff was parole released and by that time, he asserts that one of his numerous sentences, one from 1979, had expired. *Id.* When Plaintiff's parole was revoked in 2003 and Plaintiff was returned to prison, the Defendants (members of the Parole Commission) established a new parole release date. *Id.* That date was established by using current, as opposed to the 1982,[1] parole guidelines. *Id.* Those guidelines, and in particular, FLA. ADMIN. CODE R. 23-21.011, was used by the Defendants to establish Plaintiff's parole release date. *Id.* As alleged by Plaintiff, that rule "requires aggregation of expired sentences after revocation of parole as a consideration for Plaintiff['s] new parole date." *Id.* Plaintiff asserts that the former rule, FLA. ADMIN. CODE R. 23-21.11, "did not provide or allow for such consideration after revocation of parole." *Id.*

Plaintiff contends that using the rule after revocation of parole and expiration of the prior sentence is unlawful and violates his rights under the Ex Post Facto Clause. Doc. 1. Plaintiff also appears to assert that because his parole release and return to parole is on the same sentence he received in 1982, he should be subject to those same parole procedures and objective parole guidelines. *Id.*

In his administrative requests to the Commission, Plaintiff argued that the Commission could not aggregate his parole release date because <u>Williams v. Florida Parole and Probation Com'n</u>, 515 So.2d 1044 (Fla. 1st DCA 1987) held it was unlawful. Doc. 1, ex. A. However, the case cited only stands for the proposition that the Commission may not re-establish a parole release date by relying on information

---

[1] Plaintiff also references the year 1979 which, presumably, is the year in which Plaintiff committed the referenced offense, prosecuted in case number 79-5200-CF. Doc. 1, p. 8.

Case No. 4:05cv282

previously known to the Commission and but ignored.  Hester v. Florida Parole Com'n, 619 So.2d 28, 28 (Fla. 1st DCA 1993), *relying on* Williams.  In Williams, the inmate was incarcerated for second degree murder and was given an initial parole interview in 1979.  515 So.2d at 1045.  The Commission had before it a PSI which revealed that the murder took place during the commission of an attempted armed robbery.  *Id.*  That information was not used, however, to "aggravate [the inmate's] PPRD."  *Id.*  After being released on parole, Williams was convicted of an additional crime and returned to prison.  The Commission had a second parole interview and at this time, decided to aggravate Williams's score by 24 months "based on the fact that the 1971 murder was committed while attempting to rob the victim."  *Id.*  The District Court of Appeal held that a PPRD "may be changed or modified only on the basis of (1) new information not available at the time of the initial interview; (2) institutional conduct; or (3) exceptional circumstances."  *Id.*  The rule expressed in Williams is, thus, that "when a PPRD has been vacated and a new interview is required, information previously known to the Commission may not be used as an aggravating factor."  515 So.2d at 1045.

The Williams issue is not Plaintiff's issue, however.  Here, Plaintiff's prior conviction was used to establish the initial PPRD and after Plaintiff's return to prison, the conviction was considered *again* in re-establishing the PPRD.  The argument that the prior conviction cannot again be is plainly without merit.

Plaintiff's argument that he is subject to harsher and more onerous sentence because the rule permits consideration of prior crimes, even those that have already been fully served, also lacks merit.  The law is well settled that a challenge to the "parole decision process" or guidelines by which the Parole Commission decides who

should or should not be released on parole is not a viable claim.  In Paschal v. Wainwright, 738 F.2d 1173 (11th Cir. 1984), the court considered a challenge to the 1978 Objective Parole Guidelines Act that required the Commission to enact guidelines that would be used in making parole release decisions, including the establishment of a presumptive release date and whether release should be granted.  738 F.2d at 1175.  The Eleventh Circuit explained in Paschal that "[a] law which is merely procedural and does not add to the quantum of punishment . . . cannot violate the ex post facto clause even if it is applied retrospectively."  Id., at 1176, *citing* Weaver v. Graham, 450 U.S. 24, 32-33, 101 S.Ct. 960, 966, n.17, 67 L.Ed.2d 17 (1981).  The court also has held that the ultimate discretion about granting parole is with the Parole Commission "and that because the [Objective Parole Guidelines Act] merely made a procedural change in how this discretion was exercised there was no ex post facto violation."  Johnson v. Wainwright, 772 F.2d 826, 827 (11th Cir. 1985), *explaining* Paschal.  Johnson discussed the holding in Paschal as follows:

> The guidelines have clarified the commission's exercise of its discretion.  The commission has created a system by which it attempts to use its discretion in a more uniform manner than previously.  The substantive power of the commission remains unchanged; only the manner in which it exercises this power has been altered.

Johnson, 772 F.2d at 827, *citing* Paschal, at 1179.  Paschal has been consistently followed.  *See* Damiano v. Florida Parole and Probation Commission, 785 F.2d 929, 933 (11th Cir.1986) (citing Paschal in rejecting an ex post facto challenge and holding that "[w]hen appellant was convicted in 1974, parole was a matter of complete discretion.  It remains so even under the objective parole guidelines of 1978, since parole is still ultimately a matter of discretion."); Jonas v. Wainwright, 779 F.2d 1576,

1577 (11th Cir.) (concluding the Ex Post Facto Clause was not violated when the Florida Parole and Probation Commission applied the "objective parole guidelines that had been amended after [petitioner] was incarcerated."), *cert. denied*, 479 U.S. 830 (1986). Both prior to Plaintiff's first incarceration and after his re-incarceration, the Commission considers "the inmate's prior criminal record" and other relevant information. Paschal, 738 F.2d at 1177. That remains unchanged as Plaintiff's conviction was considered before he was released on parole and after. It matters not that Plaintiff fully served another sentence for another conviction. Plaintiff was convicted of that other crime. That conviction is relevant and properly considered by the Commission in establishing a PPRD.

Additionally, a change that merely alters the Parole Commission's considerations for parole suitability is not violative of the Ex Post Facto Clause because it neither works to an inmate's detriment nor constitutes "a criminal or penal law." Kelly v. Southerland, 967 F.2d 1531, 1532 (11th Cir. 1992), *citing* Dufresne v. Baer, 744 F.2d 1543, 1547 (11th Cir. 1984), *cert. denied*, 474 U.S. 817 (1985). Guidelines are just that, guidelines for making decisions and reining in discretion. Paschal, 738 F.2d at 1181; Kelly, 967 F.2d at 1532. Thus, Plaintiff's claim that he does not like the manner in which the Commission makes it parole decisions and sets a PPRD is not a viable ex post facto claim.

Furthermore, in Plaintiff's administrative requests to the Commission, Plaintiff's real request for relief is evident. Doc. 1, ex. A, p. 8. Plaintiff requested that he be "released from all restrain[t]," a remedy which is not available in a civil rights case. It is well settled that "habeas corpus is the exclusive remedy for a state prisoner who

challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481, 114 S. Ct. 2364, 2369, 129 L. Ed. 2d 383 (1994), *citing* Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995)(recognizing that claims which seek release from prison are "not cognizable under § 1983.").  Plaintiff does not specifically request release from prison, but in requesting that the Commission provide him with an "immediate reinterview" it is revealing that Plaintiff seeks immediate release.  Plaintiff may not use this § 1983 action to be released from prison.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's civil rights complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on November 10, 2005.


       s/    William C. Sherrill, Jr.
       **WILLIAM C. SHERRILL, JR.**
       **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.