IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


VERNON ROBINSON,

    Plaintiff,

v.                                        CASE NO. 4:05-cv-00282-MP-WCS

MONICA DAVID,
FREDERICK B DUNPHY,
FLORIDA PAROLE COMMISSION,
TENA M PATE,

    Defendants.

_____/

**O R D E R**

       This matter is before the Court on Doc. 8, the Report and Recommendation of the Magistrate Judge, recommending that the complaint filed by Vernon Robinson be dismissed without prejudice. Objections to Report and Recommendation were due by December 8, 2005, but none were filed. Instead, the plaintiff filed a motion for leave to amend his complaint. (doc. 11). For the reasons given below, the motion for leave to amend is denied and the Report and Recommendation is adopted.

       The plaintiff, who was convicted in state court in 1982, paroled in 1996 and re-incarcerated in 2002 after a parole revocation, has now filed a § 1983 action alleging that the Florida Parole Commission violated the ex post facto clause by using current parole guidelines to reset plaintiff's parole date, instead of the parole guidelines in effect in 1982. The Magistrate Judge issued a Report and Recommendation which recommended dismissal because habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come

within the literal terms of § 1983.  <u>Heck v. Humphrey</u>, 512 U.S. 477, 481, 114 S. Ct. 2364, 2369, 129 L. Ed. 2d 383 (1994).  Plaintiff does not specifically request release from prison, but in requesting that the Commission provide him with an "immediate reinterview" Plaintiff is in essence seeking speedier or immediate release.  Plaintiff may not use this § 1983 action to be released from prison.

The plaintiff did not file objections to the Report and Recommendation.  Instead, he moved to file an amended complaint.  (doc. 11).  In the motion, the plaintiff described the amendments he would make to his complaint.  However, since the complaint would still be brought under § 1983, and would still seek an immediate parole interview, the plaintiff would still be seeking immediate or speedier release.  Thus, the amendment would be futile and the proper remedy is for plaintiff's action to be dismissed without prejudice to him bringing the action as a habeas corpus proceeding.

Accordingly it is hereby

**ORDERED AND ADJUDGED:**

The motion to amend the complaint, doc. 11, is denied.  The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.  This action is dismissed without prejudice, and the clerk is directed to close the file.

**DONE AND ORDERED** this  *8th*   day of February, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge